Filed 8/27/20  P. v. Rosales CA2/6

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SERGIO ROSALES,<br><br>    Defendant and Appellant. | 2d Crim. No. B302747<br>(Super. Ct. No. 19F-02997-A)<br>(San Luis Obispo County) |

Sergio Rosales appeals the judgment entered after he pleaded no contest to second degree robbery (Pen. Code,[1] § 211) and dissuading a witness from reporting a crime (§ 136.1, subd. (b)(1)).  Appellant also admitted allegations that he personally used a deadly weapon in committing the offenses (§ 12022, subd. (b)(1)) and that he committed the crimes for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C).)  Pursuant to

_____

[1] All statutory references are to the Penal Code unless otherwise stated.

appellant's negotiated plea, the trial court sentenced him to an aggregate term of 13 years in in state prison.[2]

Because appellant pleaded no contest prior to a preliminary hearing, the relevant facts are derived from the probation report. On the night of February 18, 2019, San Luis Obispo County Sheriff's deputies responded to a call regarding a robbery in the Pirates Cove parking lot. Appellant, an associate of the West Park criminal street gang, and B.A. were apprehended after deputies saw them running away from the scene of the crime.

The deputies also made contact with Kenneth Ulrich, the victim of the assault. Ulrich said he was sitting in his truck in the parking lot when appellant and B.A. approached him. Appellant pointed what appeared to be a semiautomatic handgun at Ulrich and said, "Get the fuck out of the car." After Ulrich said he had nothing to steal, appellant "racked" the gun and told Ulrich, "Get the fuck out, or I'll kill you."

Appellant took Ulrich's keys out of the ignition and removed Ulrich's iPhone and iPad from the truck. After Ulrich got out of the truck, appellant continued pointing the gun at him and said, "I'll kill you, get the fuck away from the truck." Ulrich replied, "[s]hoot me then" and began yelling for someone to call the police. Appellant and B.A. ran away, dropping Ulrich's iPad in the process. Ulrich pursued appellant and B.A. in his truck. Shortly thereafter, sheriff's deputies arrived and appellant and B.A. were apprehended. A BB gun that resembled a semi-

_____

[2] The People initially filed a juvenile warship petition against appellant pursuant to Welfare and Institutions Code section 602, subdivision (a). Following a hearing, the trial court ordered that the matter be transferred to adult criminal court in accordance with Welfare and Institutions Code section 707.

2

automatic pistol and Ulrich's iPhone were subsequently found in the area where appellant and B.A. had fled.

It was later determined that appellant and B.A. had also attempted to rob Jose Velasquez Sanchez and Abelina Torres that same evening as they sat in their vehicle in the Pirates Cove parking lot. One of the perpetrators pointed a gun at Torres and said, "Open the fucking door or I'll shoot you and your boyfriend through the glass." When Torres tried to call the police on her cellphone, one of the perpetrators said, "Don't touch your fucking phone and close your phone."

We appointed counsel to represent appellant in this appeal. After counsel's examination of the record, he filed a brief raising no issues. On May 22, 2020, we advised appellant that he had 30 days within which to personally submit any contentions or issues he wished us to consider. No response has been received.

We have reviewed the entire record and are satisfied that appellant's counsel has fully complied with his responsibilities and that no arguable issue exists. (*People v. Wende* (1979) 25 Cal.3d 436, 443; *People v. Kelly* (2006) 40 Cal.4th 106, 126.)

The judgments are affirmed.

NOT TO BE PUBLISHED.


PERREN, P. J.

We concur:


YEGAN, Acting P.J.          TANGEMAN, J.

3

Craig B. Van Rooyen, Judge
Superior Court County of San Luis Obispo

_____

Wayne C. Tobin, under appointment by the Court of
Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.